# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BEJARANO, | CASE NO. 1:11-CV-00873-OWW-DLB PC |
| Plaintiff, | ORDER CONSOLIDATING ACTION WITH CASE NO. 1:11-CV-00589-OWW-GBC |
| v. | |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff Bob Bejarano ("Plaintiff") is a California state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 31, 2011. Upon review of this case, the Court has concluded that this action involves a common question of law and fact as those raised in *Bejarano v. Allison, et al.*, Case No. 1:11-cv-00589-OWW-GBC, E.D. Cal., filed on April 12, 2011, and both should be consolidated.

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." In exercising the Court's discretion, the Court "weights the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Consolidation may occur upon motion or *sua sponte*. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).

The present action, Case No. 1:11-cv-00873-OWW-DLB PC, contains common questions of law and fact as Case No. 1:11-cv-00589-OWW-GBC. In both actions, Plaintiff complains of

1

1 being placed on contraband surveillance watch ("CSW") from February 17 to February 20 of
2 2010, in violation of the Eighth Amendment.  Plaintiff names the same thirteen Defendants in
3 both actions.  The main difference between the two actions is that Plaintiff includes additional
4 claims in this action, complaining of being placed on CSW a second time as retaliation for
5 complaining about his first CSW placement.  Neither action has been screened pursuant to 28
6 U.S.C. § 1915A.  In the interest of judicial economy, the Court finds that these two actions
7 should be consolidated.

8      It is the Court's practice in cases such as this to combine consolidated actions into a single
9 action with one operative pleading.  *See Schnabel v. Lui*, 302 F.3d 1023 (9th Cir. 2002)
10 (describing three possible consolidation procedures but declining to decide which is proper); *In*
11 *re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175-76 (C.D. Cal. 1975) (ordering
12 consolidation of pleadings for consolidated actions).  Because Plaintiff's complaint filed in this
13 action incorporates his pleadings in both actions, the complaint will be filed in the lead action
14 and treated as a first amended complaint.

15      Accordingly, in light of the common questions of law and fact of the instant action to the
16 Plaintiff's previously filed action, the Court HEREBY ORDERS that:

17     1) the instant action is CONSOLIDATED with Case No. 1:11-cv-00589-OWW-
18         GBC.  All future filings in this action are to be filed in 1:11-cv-00589-OWW-
19         GBC;

20     2) The Clerk of the Court is directed to file this order in Case Nos. 1:11-cv-00589-
21         OWW-GBC and the instant action;

22     3) The Clerk of the Court is directed to file Plaintiff's complaint in this action in
23         Case No. 1:11-cv-00589-OWW-GBC as a first amended complaint; and

24     4) The Clerk of the Court is directed to administratively close this action.

25 IT IS SO ORDERED.

26 **Dated:   August 26, 2011**                     **/s/ Oliver W. Wanger**
                                                UNITED STATES DISTRICT JUDGE
27
28