# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BEJARANO, | CASE NO. 1:11-cv-01565-LJO-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| KATHLEEN ALLISON, et al., | |
| Defendants. | Doc. 27 |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Screening Order**

**I. Procedural History, Screening Requirement, and Standard**

On April 12, 2011, Plaintiff Bob Bejarano ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On May 31, 2011, Plaintiff filed a first amended complaint. Doc. 10. On August 29, 2011, the Court consolidated this case with civil action *Bejarano v. Allison*, 1:11-cv-00873-OWW-DLB (E.D. Cal.), filed on May 31, 2011, for common questions of law and fact. Doc. 9. On September 16, 2011, the Court issued a screening order, dismissing Plaintiff's case, with leave to file an amended complaint. Doc. 12. On February 8, 2012, Plaintiff filed his second amended complaint. Doc. 27.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
2  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
3  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
4  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

5        A complaint must contain "a short and plain statement of the claim showing that the pleader
6  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
8  do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell*
9  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge
10 unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While
11 factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

12       While prisoners proceeding pro se in civil rights actions are still entitled to have their
13 pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is
14 now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, Plaintiff must
15 demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.*
16 *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations
17 sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret*
18 *Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting
19 this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

20       **II. Allegations in Plaintiff's Second Amended Complaint**

21       In Plaintiff's second amended complaint, he names Kathleen Allison, Warden; T. Wan,
22 Associate Warden; A.F. Hernandez, Associate Warden; O. Best, Sergeant; M. Bejarano, Sergeant;
23 Ramirez, Correctional Officer, and Regalado, Correctional Officer, who were employed at California
24 Substance Abuse Treatment Facility, Corcoran.[1] 2d Am. Compl. at 1, 3-4, 7, Doc. 27.

25       Plaintiff alleges that he was placed on contraband surveillance watch ("CSW") from February
26 17, 2010 through February 20, 2010, and from April 13, 2010 through April 16, 2010. *Id.* at 5. On

---

[1] Plaintiff is now incarcerated at Calipatria State Prison.

February 17, 2010, Plaintiff was placed on CSW for mere suspicion and harassment. *Id.* at 6. Plaintiff warned Defendants he was going to file a grievance for harassment and for placing Plaintiff and four (4) other inmates on CSW for mere suspicion. *Id.* at 5. On March 9, 2010, Plaintiff filed a grievance. *Id.* On March 22, 2010, Plaintiff threatened Defendant Best that he was going to file a grievance for abuse of authority because on February 20, 2010, Plaintiff and four (4) other inmates were released from CSW, with negative results for contraband. *Id.* From April 13, 2010 through April 16, 2010, during Plaintiff's placement on CSW, Plaintiff constantly complained to Defendant Best and Defendant Bejarano regarding his harassment and for filing a grievance. *Id.* After Plaintiff's success and writing his grievance on March 9, 2010 and his interview on March 22, 2010, Plaintiff was placed on CSW a second time on April 13, 2010 and released on April 16, 2010, with negative results for contraband. *Id.* During his placement on CSW, Plaintiff suffered headaches, muscle cramps, stress, anxiety, depression, fatigue, rashes, and swollen hands. *Id.* On April 13, 2010, prison authorities placed Plaintiff on CSW in retaliation and abuse of authority because Plaintiff was negative for contraband. *Id.* at 5-6.

Plaintiff alleges he was subjected to Eighth Amendment cruel and unusual punishment when Defendants twice forced Plaintiff to be on CSW. *Id.* at 6. Plaintiff was exposed to inadequate shelter, clothing, food, water, sanitation, medical care, and personal safety. *Id.* Plaintiff was placed in an intake holding cell in a tight, dirty, taped state jumpsuit. *Id.* The holding cell had no sink or toilet. *Id.* Plaintiff did not have a blanket or clean clothes. *Id.* The mattress was dirty, smelled of urine and they were not allowed to practice personal hygiene. *Id.* No medication for swollen hands and rashes. *Id.* Plaintiff was subjected to inhumane conditions of confinement for six (6) days. *Id.* Defendant Best and Defendant Bejarano were responsible for Plaintiff's care and treatment and checked up on Plaintiff, so they knew of the risk but failed to prevent it, after verbal complaints. *Id.* at 6-7. Defendant Ramirez denied Plaintiff minimal life's necessities, which subjected Plaintiff to inhumane conditions of confinement because Defendant Ramirez is responsible for Plaintiff while on his shift, he monitored Plaintiff, so he knew of the risk but failed to prevent it, after verbal complaints. *Id.* at 7. Defendant Regalado subjected Plaintiff to inhumane conditions of confinement because Defendant Regalado is responsible for Plaintiff while on his shift, he monitored Plaintiff, so he knew of the risk

but failed to prevent it, after verbal complaints. *Id.* Defendant T. Wan, Associate Warden, subjected Plaintiff to inhumane conditions of confinement because Defendant Wan approved Plaintiff's placement on CSW, so he knew of the risk but failed to prevent it. *Id.* at 4, 7. Defendant K. Allison, Warden, subjected Plaintiff to inhumane conditions of confinement because Defendant Allison approved Plaintiff's placement on CSW, so she knew of the risk but failed to prevent it. *Id.* at 7. Defendant A.F. Hernandez, Acting Warden, subjected Plaintiff to inhumane conditions of confinement because Defendant Hernandez approved Plaintiff's placement on CSW, so he knew of the risk but failed to prevent it. *Id.* Defendants placed Plaintiff on CSW based on oppression and placed Plaintiff on CSW a second time for exercising his rights, not for reasons of safety and security. *Id.* at 8. The denials of prison grievances were in bad faith. *Id.* For relief, Plaintiff seeks compensatory and punitive damages. *Id.* at 4.

### III. Legal Standard and Analysis for Plaintiff's Claims

#### A. First Amendment Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff does not state a cognizable claim for First Amendment retaliation against any Defendants. Plaintiff states that on April 13, 2010 through April 16, 2010, he was placed in CSW for retaliation of filing a grievance on March 9, 2010. 2d Am. Compl. at 5. Plaintiff states that on March 22, 2010, Plaintiff threatened Defendant Best that he was going to file a grievance for abuse of authority because on February 20, 2010, Plaintiff and four (4) other inmates were released from CSW, with negative results for contraband. *Id.* From April 13, 2010 through April 16, 2010, during

1  Plaintiff's placement on CSW, Plaintiff constantly complained to Defendant Best and Defendant
2  Bejarano regarding his harassment and for filing a grievance. *Id.*
3  　　　As the Court stated in its September 16, 2011 screening order, Plaintiff still fails to attribute
4  responsibility for his placement on CSW to any named Defendant. Although Plaintiff states he
5  threatened Defendant Best, he does not state that Defendant Best was responsible for his placement
6  on CSW. As the Court stated in its September 16, 2011 screening order, Plaintiff still fails to address
7  whether Defendants' actions did not reasonably advance a legitimate correctional goal.
8  　　　Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under
9  § 1983 based upon First Amendment retaliation.

## B. Eighth Amendment Cruel and Unusual Punishment

11  　　　The Eighth Amendment protects prisoners from inhumane methods of punishment and from
12  inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).
13  But this is not a mandate for comfortable prisons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
14  Indeed, prison conditions may be both restrictive and harsh without violating the Constitution.
15  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Within this construct, however, prison officials must
16  provide food, clothing, shelter, sanitation, medical care, and personal safety. *Toussaint v. McCarthy*,
17  801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment when these
18  two components are met: (1) the deprivation alleged must be objectively sufficiently serious; and (2)
19  the prison official possesses a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834 (citing
20  *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991)). In determining whether a deprivation of a basic
21  necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim,
22  courts consider the circumstances, nature, and duration of the deprivation. The more basic the need,
23  the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).
24  Substantial deprivations of shelter, food, drinking water or sanitation over an extended time are
25  sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *Id.* at 732-33.
26  　　　Courts have found that temporarily depriving prisoners of a mattress does not violate the
27  Eighth Amendment. *See, e.g., Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir.1988) (holding
28  that allegation that inmate slept without a mattress for one night is insufficient to state an Eighth

Amendment violation), *vacated on other grounds*, 493 U.S. 801 (1989); *see also O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 84 (8th Cir. 1996) (no Eighth Amendment violation where inmate forced to sleep on cement slab for four (4) days); *Williams v. Delo*, 49 F.3d 442, 445-46 (8th Cir. 1995) (no Eighth Amendment violation where inmate failed to allege any evidence that his health was impaired as a result of four (4) day confinement in a cell without clothes or bedding). In the majority of decisions where the court considered whether failure to provide a mattress to an inmate violated the Eighth Amendment, the failure was accompanied by other factors such as extreme cold, lack of sanitary conditions, solitary confinement, inadequate clothing, or improper diet. *See, e.g., Sellars v. Beto*, 409 U.S. 968, 969 (1972) (solitary confinement, in cell twenty-four hours a day, only fed bread and water, no mattress); *Rodgers v. Thomas*, 879 F.2d 380, 385 (8th Cir. 1989) (no toilet or sink, clothing confiscated, only allowed to shower once every five days, no mattress); *French v. Owens*, 777 F.2d 1250, 1253 (7th Cir.1985) (shackled to bed, sometimes stripped, denied right to use toilet, had to lie in own excrement, no mattress), *cert. denied*, 479 U.S. 817 (1986).

Similarly, being temporarily deprived of toothpaste does not violate the Eighth Amendment. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (depriving prisoner of toilet paper, soap, toothpaste and toothbrush while keeping him in filthy, roach-infested cell for a period of several days was not a constitutional violation); *see also Williams*, 49 F.3d at 444-46 (placement in strip cell without water, mattress, a toothbrush, toothpaste, deodorant, soap, sheets, blankets, pillow cases, pillows, his legal mail and/or clothing, for four days did not violate Eighth Amendment).

Plaintiff does not state a cognizable claim for Eighth Amendment cruel and unusual punishment against any Defendants. Plaintiff alleges he was subjected to Eighth Amendment cruel and unusual punishment when Defendants twice forced Plaintiff to be on CSW. *Id.* at 6. Plaintiff states he was exposed to inadequate shelter, clothing, food, water, sanitation, medical care, and personal safety. *Id.* Plaintiff was placed in an intake holding cell in a tight, dirty, taped state jumpsuit. *Id.* The holding cell had no sink or toilet. *Id.* Plaintiff did not have a blanket or clean clothes. *Id.* The mattress was dirty, smelled of urine and they were not allowed to practice personal hygiene. *Id.* No medication for swollen hands and rashes. *Id.* Plaintiff was subjected to inhumane conditions of confinement for six (6) days. *Id.* During his placement on CSW, Plaintiff suffered

headaches, muscle cramps, stress, anxiety, depression, fatigue, rashes, and swollen hands. *Id.* Plaintiff alleges that Defendants Best, Bejarano, Ramirez, and Regalado subjected Plaintiff to inhumane conditions of confinement because Defendants were responsible for Plaintiff while on their shift, they monitored Plaintiff, so he knew of the risk but failed to prevent it, after verbal complaints. *Id.* at 6-7. Plaintiff's vague / conclusory allegations are not objectively sufficiently serious to state a cognizable claim for Eighth Amendment cruel and unusual punishment. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Moreover, Plaintiff cannot hold Defendants liable simply because they were on duty while Plaintiff was on CSW. Although Plaintiff states Defendants Best, Bejarano, Ramirez, Regalado failed to prevent his conditions after "verbal complaints," Plaintiff does not alleged what specific complaints he made to Defendants. Thus, there are no allegations that Defendants had knowledge of Plaintiff's specific complaints of cruel and unusual punishment.

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon Eighth Amendment cruel and unusual punishment.

### C. Allegations of Supervisory Liability

As to Defendants T. Wan, Associate Warden; K. Allison, Warden; and A.F. Hernandez, Acting Warden, Plaintiff alleges they subjected him to inhumane conditions of confinement because they approved his placement on CSW, so they knew of the risk but failed to prevent it. *Id.* at 4, 7-8. With respect to supervisory, managerial, or executive-level personnel, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*,

588 F.3d at 1235.

Plaintiff's allegations that Defendants approved his placement on CSW are insufficient to hold them liable based on their position of authority as Plaintiff has not alleged any facts linking them to acts or omissions, which suggest they participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235.

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 against Defendants T. Wan, Associate Warden; K. Allison, Warden; and A.F. Hernandez, Acting Warden, based upon supervisory liability.

### D. Inmate Appeals Process

Plaintiff alleges that the denials of his prison grievances were in bad faith. *Id.* at 8.[2] Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a

---

[2] It appears that Plaintiff may not have properly exhausted his claims prior to initiating this action. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules," *id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* In Plaintiff's second amended complaint, he states he did not complete the inmate appeals process. 2d Am. Compl. at 3, Doc. 27. Plaintiff's states that Defendants erroneously denied his appeal as untimely. *Id.* Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by the defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Therefore, whether Plaintiff properly exhausted his claims is not currently before this Court.

prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. *Buckley*, 997 F.2d at 495.

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the inmate appeals process.

## IV. Conclusion and Recommendation

Plaintiff's second amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in his claims and granted leave to amend, but he was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the undersigned recommends that further leave to amend is not warranted.

Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the undersigned HEREBY RECOMMENDS that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 12, 2012

UNITED STATES MAGISTRATE JUDGE