IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BEJARANO,<br><br>              Plaintiff,<br><br>       vs.<br><br>KATHLEEN ALLISON, et al.,<br><br>              Defendants.<br>_____ / | Case No. 1:11-cv-00589-LJO-GBC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART<br><br>(Doc. 28) |

Plaintiff is a state prisoner proceeding *pro se* with a civil rights action filed under 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, this action was referred to a United States Magistrate Judge. Now pending before the Court are the findings and recommendations issued by the assigned magistrate judge on March 12, 2012.

**I.      BACKGROUND**

   **A.      Plaintiff's Allegations**

Plaintiff is currently proceeding on his second amended complaint, the allegations of which are summarized in some detail in the magistrate judge's findings and recommendations. In short, Plaintiff alleges that Defendants Best and Bejarano placed him on contraband surveillance watch from February 17, 2010 through February 20, 2010. Plaintiff alleges that while on contraband surveillance watch, he was taped into two jumpsuits and denied clean clothes, a blanket, a clean mattress, a sink and a toilet,

medication for a rash and swollen hands, and the ability to practice general personal hygiene. According to Plaintiff, he warned Defendants Best and Bejarano that he planned to file a grievance against them for placing him on contraband surveillance watch and for abusing their authority. Plaintiff alleges that he eventually did file such a grievance on March 9, 2010, and was ultimately "successful." Plaintiff alleges that shortly thereafter, Defendants Best and Bejarano retaliated against him by placing him on contraband surveillance watch for a second time, from April 13, 2010 to April 16, 2010.

Based on the foregoing allegations, Plaintiff claims that Defendants Best and Bejarano retaliated against him for filing the March 9, 2010 grievance in violation of the First Amendment and subjected him to inhumane conditions of confinement while on contraband surveillance watch in violation of the Eighth Amendment. Plaintiff also claims that Defendants Ramirez, Regalado, Hernandez, Allison, and Wan subjected him to inhumane conditions of confinement because they either disregarded his "verbal complaints" while they monitored him on contraband surveillance watch or they approved placing him on contraband surveillance watch in the first place.

**B.    Findings and Recommendations**

On March 12, 2012, the magistrate judge screened the second amended complaint pursuant to 28 U.S.C. § 1915A(a). The magistrate judge found that (1) Plaintiff does not state cognizable claims for retaliation under the First Amendment against Defendants Best and Bejarano because Plaintiff did not allege that those defendants were responsible for placing him on contraband surveillance watch on April 13, 2010; (2) Plaintiff does not state cognizable claims for inhumane conditions of confinement under the Eighth Amendment against Defendants Best, Bejarano, Ramirez, and Relgalado because Plaintiff failed to allege facts showing an objectively serious deprivation or deliberate indifference on the part of any defendant; (3) Plaintiff does not state cognizable claims for supervisory liability against Defendants Wan, Allison, and Hernandez; and (4) Plaintiff cannot state a cognizable claim to the extent that he alleges that his prison grievances were denied in bad faith. Accordingly, the magistrate judge recommended that this action be dismissed in its entirety with prejudice.

The findings and recommendations contained notice that Plaintiff could file written objections to the magistrate judge's findings and recommendations within thirty days. On June 21, 2012, Plaintiff filed timely objections to the findings and recommendations.

## II. DISCUSSION

The Court has conducted a *de novo* review of this case in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C). Having carefully reviewed Plaintiff's objections and the entire record in this case, the Court declines to adopt the magistrate judge's recommendation to dismiss Plaintiff's claims for retaliation under the First Amendment against Defendants Best and Bejarano. The Court adopts the magistrate judge's recommendations in all other respects.

### A. First Amendment – Retaliation

Under the First Amendment, a viable claim for retaliation in the prison context consists of five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) the inmate's protected conduct and that the adverse action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate penological purpose. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Here, Plaintiff alleges that after Defendants Best and Bejarano placed him on contraband surveillance watch from February 17, 2010 through February 20, 2010, Plaintiff warned them that he was going to file a grievance against them complaining of an abuse of authority. Plaintiff further alleges that he filed such a grievance on March 9, 2010, and was ultimately successful. Plaintiff maintains that soon thereafter, on April 13, 2010, Defendants Best and Bejarano placed Plaintiff on contraband surveillance watch for a second time solely to retaliate against him for filing a grievance. Plaintiff also maintains that while on contraband surveillance watch, he was subjected to restrictive conditions of confinement. Accepting Plaintiff's allegations as true, the Court concludes that Plaintiff states cognizable retaliation claims against Defendants Best and Bejarano.

### B. Eighth Amendment – Conditions of Confinement

The Eighth Amendment imposes a duty on prison officials to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). In order to establish a violation of this duty, a prisoner must satisfy an objective and a subjective requirement. See Wilson v. Seiter, 501 U.S. 294, 298 (1991); Morgan, 465 F.3d at 1045. First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes, 452 U.S. at 346). In determining whether a deprivation is sufficiently

serious, "the circumstances, nature, and duration" of the deprivation must be considered. Johnson, 217 F.3d at 731. Second, a prisoner must demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Here, Plaintiff avers that he was subjected to inhumane conditions of confinement while being monitored under contraband surveillance watch. Plaintiff alleges that on two occasions, lasting three days each, he was deprived of (1) clean clothes, (2) a blanket, (3) a clean mattress, (4) a sink and toilet, (5) medication for his rash and swollen hands, and (6) the ability to practice general personal hygiene. The Court concludes that these allegations fail to demonstrate a deprivation of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d at 1089.

First, being deprived of clean clothes for three days does not amount to an objectively serious deprivation within the meaning of the Eighth Amendment.[1] Second, being deprived of a blanket also does not, in of itself, demonstrate an objectively serious deprivation, particularly where, as here, the prisoner was provided additional clothing in the form of a second jumpsuit and there is no factual basis for concluding that this was insufficient for warmth. Third, courts have concluded that deprivations of mattresses, whether clean or dirty, for short durations do not arise to an Eighth Amendment violation. See Williams v. Delo, 49 F.3d 442, 444-47 (8th Cir. 1995) (no Eighth Amendment violation where the prisoner was denied a mattress for four days). Fourth, Plaintiff's inability to freely access a sink and a toilet for three days does not, in of itself, arise to an objectively serious deprivation. The very purpose of contraband surveillance watch would be entirely undermined if a prisoner suspected of smuggling contraband were allowed unfettered access to a sink or toilet. See Bartholomew v. Sisto, No. CIV S-09-0882-JAM-CMK-P, 2012 U.S. Dist. LEXIS 28029, at *17-23 (E.D. Cal. Mar. 2, 2012). Fifth, there is no indication that Plaintiff's rash or swollen hands constitute a sufficiently serious medical condition. See Johnson v. Sullivan, No. CV-07-00574-ROS, 2010 U.S. Dist. LEXIS 72241, at *5 (E.D. Cal. July 19, 2010) (skin condition did not constitute a serious medical need when there was no suggestion that

---

[1] Plaintiff does not allege any facts demonstrating that his clothes were especially unsanitary or posed a particular threat to his health. Plaintiff merely alleges that his clothes were "dirty."

4

the skin condition affected the prisoner's activities or caused substantial pain).  Finally sixth, Plaintiff's allegation that he was unable to practice general personal hygiene is simply too vague and conclusory to support a cognizable Eighth Amendment claim.

Even if one of these conditions of confinement did arise to an objectively serious deprivation, Plaintiff fails to allege facts sufficient to demonstrate deliberate indifference on the part of any of the defendants.  Plaintiff maintains that each of the defendants acted with a sufficiently culpable state of mind because they either approved placing Plaintiff on contraband surveillance watch in the first place or they disregarded Plaintiff's "verbal complaints" while monitoring him on contraband surveillance watch.  Without further factual detail, these allegations are simply too vague to reasonably infer that a defendant knew of, but disregarded, a *specific* and substantial risk to Plaintiff's health and safety.  See Farmer, 511 U.S. at 837.

Accordingly, for all the reasons discussed above, Plaintiff fails to state a cognizable claim for inhumane conditions of confinement under the Eighth Amendment with respect to any defendant.

### III.  CONCLUSION

In accordance with the above:

1. The magistrate judge's findings and recommendations are ADOPTED IN PART.
2. This action shall proceed on Plaintiff's retaliation claims under the First Amendment against Defendants Best and Bejarano.
3. All other claims are dismissed with prejudice.
4. This action is REMANDED to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:    June 27, 2012                              /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE

5