# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BEJARANO,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　Defendants.<br>_____ / | CASE NO: 1:11-cv-00589-LJO-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION<br><br>Docs. 23, 29<br><br>ORDER FINDING PLAINTIFF'S MOTION TO AMEND COMPLAINT AS MOOT PER ORDER ADOPTING IN PART<br><br>Docs. 26, 35 |

**I. Procedural Background and Motion to Amend Complaint**

On April 12, 2011, Plaintiff Bob Bejarano ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On May 31, 2011, Plaintiff filed a second case in this district, *Bejarano v. Allison*, 1:11-cv-00873-OWW-DLB. In both cases, Plaintiff alleged claims against various Defendants, namely O. Best, Sergeant, Facility C, at California Substance Abuse Treatment Facility, Corcoran ("CSATF"), and M. Bejarano, Sergeant, at CSATF. On August 29, 2011, the Court consolidated the cases. Doc. 9. On December 19, 2011, and April 29, 2012, Plaintiff filed a Motion for Reconsideration and a substantively identical second Motion for Reconsideration of the Court's consolidation order. Docs. 23, 29.

On February 8, 2012, Plaintiff filed a Motion to Amend his complaint in conjunction with filing his Second Amended Complaint. Doc. 27. On June 28, 2012, the Court issued an Order Adopting, in Part, finding that Plaintiff's second amended complaint states a cognizable claim for First Amendment retaliation as to Defendants O. Best and M. Bejarano. Doc. 35. Thus, Plaintiff's motion to amend his complaint, filed in conjunction with filing his Second Amended Complaint, is MOOT for review.

## II. Legal Standard for Rule 60(b) Motion for Reconsideration and Consolidation Order

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect . . . (3) fraud . . . by an opposing party . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. *Id.* Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . " *Id.* Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." In exercising the Court's discretion, the Court "weights the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Consolidation may occur upon motion or *sua sponte*. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).

### III. Analysis

In the Court's consolidation order, the Court found that the present action, Case No. 1:11-cv-00589-OWW-GBC contained common questions of law and fact as to the separate action, Case No. 1:11-cv-00873-OWW-DLB. In both actions, Plaintiff complained of being placed on contraband

surveillance watch ("CSW") from February 17, 2010 to February 20, 2010, in violation of the Eighth Amendment. Plaintiff named the same thirteen defendants in both actions. Plaintiff alleged being placed on CSW a second time in retaliation for complaining about his first CSW placement, which is the only remaining claim in the present action. In the interest of judicial economy, the Court found that these two actions should be consolidated.

In Plaintiff's motions for reconsideration, Plaintiff contends that separate trials are necessary as guaranteed by the Sixth and Fourteenth Amendments. Docs. 23, 29. First, Plaintiff's argument as to the Sixth and Fourteenth Amendments only applies to criminal cases. *Crawford v. Washington*, 541 U.S. 36 (2004); *Melendez–Diaz v. Massachusetts*, 557 U.S. 305 (2009). Second, this Court found a cognizable claim for First Amendment retaliation against Defendants Best and Bejarano, who are parties to this case. Doc. 35. Thus, Plaintiff's argument for a separate trial lacks merit, and the Court DENIES Plaintiff's motions to reconsider this Court's order consolidating cases.

### IV. Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend his complaint, filed in conjunction with filing his Second Amended Complaint, is MOOT for review per the Court's Order Adopting, in Part; and

2. Plaintiff's motions for reconsideration of the Court's order consolidating cases is DENIED.

IT IS SO ORDERED.

**Dated:   July 11, 2012**                       /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE