# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BEJARANO,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON, et al.,<br><br>    Defendants.<br>_____/ | CASE NO: 1:11-cv-00589-LJO-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AS MOOT<br><br>Docs. 38, 41 |

**I. Procedural Background**

On April 12, 2011, Plaintiff Bob Bejarano ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On May 31, 2011, Plaintiff filed a second case in this district, *Bejarano v. Allison*, 1:11-cv-00873-OWW-DLB. In both cases, Plaintiff alleged claims against various Defendants, namely O. Best, Sergeant, Facility C, at California Substance Abuse Treatment Facility, Corcoran ("CSATF"), and M. Bejarano, Sergeant, at CSATF. On August 29, 2011, the Court consolidated the cases. Doc. 9. On February 8, 2012, Plaintiff filed a Second Amended Complaint. Doc. 27. On June 28, 2012, the Court issued an order adopting, in part, dismissing Plaintiff's Eighth Amendment conditions of confinement claim, and finding that Plaintiff's second amended complaint states a cognizable claim for First Amendment retaliation as to Defendants O. Best and M. Bejarano. Doc. 35. On July 19, 2012, Plaintiff filed a motion for extension of time to file a motion to reconsider, and on September 10, 2012, Plaintiff filed a motion for reconsideration of the Court's order dismissing his Eighth Amendment conditions of confinement claim. Docs. 38, 41.

**II. Legal Standard for Rule 60(b) Motion for Reconsideration**

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect . . . (3) fraud . . . by an opposing party . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. *Id.* Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . " *Id.* Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

**III. Analysis**

In the Court's order adopting, in part, the Court outlined the reasons Plaintiff failed to state a claim for Eighth Amendment conditions of confinement.

Plaintiff alleged that he was subjected to inhumane conditions of confinement while being monitored under contraband surveillance watch. Plaintiff alleges that on two occasions, lasting three days each, he was deprived of (1) clean clothes, (2) a blanket, (3) a clean mattress, (4) a sink and toilet, (5) medication for his rash and swollen hands, and (6) the ability to practice general personal hygiene. The Court concludes that these allegations fail to demonstrate a deprivation of "the minimal civilized measures of life's necessities." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996).

First, being deprived of clean clothes for three days does not amount to an objectively serious deprivation within the meaning of the Eighth Amendment. Second, being deprived of a blanket also

does not, in of itself, demonstrate an objectively serious deprivation, particularly where, as here, the prisoner was provided additional clothing in the form of a second jumpsuit and there is no factual basis for concluding that this was insufficient for warmth. Third, courts have concluded that deprivations of mattresses, whether clean or dirty, for short durations do not arise to an Eighth Amendment violation. *See Williams v. Delo*, 49 F.3d 442, 444-47 (8th Cir. 1995) (no Eighth Amendment violation where the prisoner was denied a mattress for four days). Fourth, Plaintiff's inability to freely access a sink and a toilet for three days does not, in of itself, arise to an objectively serious deprivation. The very purpose of contraband surveillance watch would be entirely undermined if a prisoner suspected of smuggling contraband were allowed unfettered access to a sink or toilet. *See Bartholomew v. Sisto*, 2012 U.S. Dist. LEXIS 28029, at *17-23 (E.D. Cal. Mar. 2, 2012). Fifth, there is no indication that Plaintiff's rash or swollen hands constitute a sufficiently serious medical condition. *See Johnson v. Sullivan*, 2010 U.S. Dist. LEXIS 72241, at *5 (E.D. Cal. July 19, 2010) (skin condition did not constitute a serious medical need when there was no suggestion that the skin condition affected the prisoner's activities or caused substantial pain). Finally sixth, Plaintiff's allegation that he was unable to practice general personal hygiene is simply too vague and conclusory to support a cognizable Eighth Amendment claim. Even if one of these conditions of confinement did arise to an objectively serious deprivation, Plaintiff fails to allege facts sufficient to demonstrate deliberate indifference on the part of any of the defendants. Plaintiff maintains that each of the defendants acted with a sufficiently culpable state of mind because they either approved placing Plaintiff on contraband surveillance watch in the first place or they disregarded Plaintiff's "verbal complaints" while monitoring him on contraband surveillance watch. Without further factual detail, these allegations are simply too vague to reasonably infer that a defendant knew of, but disregarded, a specific and substantial risk to Plaintiff's health and safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Accordingly, for all the reasons discussed above, Plaintiff failed to state a cognizable claim for inhumane conditions of confinement under the Eighth Amendment with respect to any defendant.

//

//

## IV. Conclusion

The Court does not find that Plaintiff presented newly discovered evidence, clear error, or an intervening change in the law. Thus, the Court DENIES Plaintiff's motions to reconsider this Court's order dismissing his Eighth Amendment conditions of confinement claim.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the Court's order dismissing his Eighth Amendment conditions of confinement claim is DENIED; and
2. Plaintiff's motion for extension of time is MOOT for review.

IT IS SO ORDERED.

Dated:     November 7, 2012                   /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE