UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BEJARANO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALLISON, et al.,<br><br>　　　　Defendants. | Case No.: 1:11cv00589 LJO DLB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE SURREPLY<br>(Document 60)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br>(Document 50) |

　　　　Plaintiff Bob Bejarano ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on April 12, 2011.  This action is proceeding on Plaintiff's Second Amended Complaint, filed on February 2, 2012, for claims of retaliation against Defendants Best and Bejarano.

　　　　On February 19, 2013, Defendants filed an unenumerated Rule 12(b) Motion to Dismiss based on exhaustion.  Plaintiff opposed the motion on April 8, 2013, and Defendants filed a reply on April 15, 2013.[1]

---

[1] In Defendants' February 19, 2013, notice, filed concurrently with their motion to dismiss, Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).

1

On April 16, 2013, Plaintiff filed a document entitled, in part, "Opposition to Defendants' Best and Bejarano's Reply."  Plaintiff also references moving for summary judgment.

On May 3, 2013, Defendants filed a Motion to Strike the pleading.  Plaintiff did not oppose the motion.

## I.     MOTION TO STRIKE SURREPLY

Plaintiff's April 16, 2013, filing addresses the arguments made in Defendants' reply.  The Court therefore construes this as a surreply.

The Local Rules of this Court and the Federal Rules of Civil Procedure do not generally permit the filing of a surreply. See L.R. 230(l) (matter is generally submitted after movant files and serves reply).  The Court did not request a surreply from Plaintiff.  Moreover, the requirements for opposing a motion to dismiss for failure to exhaust were provided to Plaintiff, in detail, in Defendants' February 19, 2013, notice.

Accordingly, Defendants' Motion to Strike, filed May 3, 2013, is GRANTED and Plaintiff's surreply (Document 59) is STRICKEN.

## II.    FINDINGS AND RECOMMENDATIONS REGARDING MOTION TO DISMISS

### A.     Legal Standard

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendants have the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust is subject

to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

B.      Appeals Process

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. Prior to January 28, 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed. Tit. 15, § 3084.6(c). Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level. Tit. 15, § 3084.5. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

In this Circuit, the failure to exhaust may be excused where the administrative remedies are rendered effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010); Brown v. Valoff, 422 F.3d 926, 939-40 (9th Cir. 2005). The regulations governing administrative remedy processes apply with equal force to inmates and prison officials, and thus, if an inmate complies with the procedural rules, but prison officials fail to respond in compliance with the rules or otherwise thwart the process, it becomes unavailable. Sapp, 623 F.3d at 822-23; Nunez, 591 F.3d at 1224.

This exception applies if Plaintiff can show "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Sapp, 623 F.3d at 823-24.

C. Plaintiff's Allegations

Plaintiff's Second Amended Complaint alleges that from February 17-20, 2010, Defendants Best and Bejarano placed him on contraband watch. During this time, Plaintiff states that he warned Defendants that he was "going to grievance them for harassing him." Second Am. Compl. 5. On March 9, 2010, Plaintiff filed an Inmate/Parolee Appeal Form 602 against Defendants regarding the February contraband watch. From April 13-16, 2010, Defendants placed Plaintiff on a second contraband watch. Plaintiff alleges that he was subjected to this second contraband watch in retaliation for his March 9, 2010, grievance.

In his Second Amended Complaint, Plaintiff states that the appeal process was not complete. He states that he "kept trying to receive a First Level Response from CSATF/Corcoran State Prison but got denied erroneously as untimely." Second Am. Compl. 3.

D. Discussion

Defendants' motion is based on their contention that Plaintiff never filed an inmate grievance related to the alleged retaliation in April 2010. In support, they submit the declarations of J. D. Lozano, Chief of the Office of Appeals (formerly, the Inmate Appeals Branch), and J. Cota, Appeals Coordinator at the California Substance Abuse Treatment Facility and State Prison, Corcoran ("CSATF"). Chief Lozano declares that a search for Plaintiff's name in the grievance system for appeals accepted and adjudicated for Director's Level review, between January 2010 and January 2011 at SATF and Calipatria State Prison, does not reveal any relating to the April 2010 incident. Lozano Decl. ¶ 7, Ex. A. The records also do not reveal any appeals related to the April 2010 incident that were screened out at the Director's Level between January 2010 and January 2011. Lozano Decl. ¶ 9, Ex. A.

Similarly, Coordinator Cota declares that he searched CSATF records relating to appeals submitted between January 2010 and January 2011. His search revealed that Plaintiff submitted 602s on several occasions. Of these 602s, one was a group appeal related to the February 2010 contraband watch, submitted on March 9, 2010. Cota Decl. ¶¶ 3-4, Ex. A and B. There were no appeals submitted during this time related to retaliation in April 2010, nor were any such appeals screened out. Cota Decl. ¶¶ 4-7.

4

In his opposition, Plaintiff does not contest the fact that he did not complete the administrative remedies process. Rather, he argues that he tried repeatedly to receive a First Level response, but was unsuccessful. He contends that his appeal was incorrectly screened out as untimely, making the administrative remedy procedure unavailable to him.

According to Plaintiff, he filed a 602 related to the April 2010 incident on May 2, 2010, "while at Calipatria State Prison." Opp. 5. He contends that it was rejected by Calipatria on June 17, 2010, and he was told to send the 602 to CSATF. According to Plaintiff, CSATF then rejected the 602 on or about July 10, 2010, as untimely. Tit. 15, § 3084.6(c). At this point, Plaintiff began writing numerous letters to the Appeals Coordinator at CSATF, Warden Allison and Inmate Appeals Branch ("IAB") Chief D. Foston. Each letter contained Plaintiff's explanation as to why CSATF incorrectly rejected the appeal as untimely, along with Plaintiff's request for a response at the First Level.

The letters culminate with a May 5, 2011, letter from Chief Foston explaining that the complaint he submitted to the IAB in October 2010 was rejected on November 18, 2010, because Plaintiff failed to include a decision at the prior level.[2] The letter further stated that Plaintiff failed to attach the July 2010 rejection letter, and despite Plaintiff's assertions as to the existence of such a letter, the IAB contacted CSATF and was told that "there is no record of receiving a staff complaint appeal from [Plaintiff], or a staff complaint appeal forwarded by the CAL AC." Chief Foston therefore concluded that Plaintiff "provided insufficient evidence to support [his] claim that the appeal was rejected/cancelled in error." May 5, 2011, Letter, attached to Opp.

However, despite Plaintiff's description of events in his opposition, he has again failed to produce evidence of the July 2010 rejection by CSATF. Instead, he provides copies of *his* alleged letters and correspondence from the IAB. Interestingly, although Plaintiff has been able to provide copies of his letters, he has given the Court no explanation as to why he could not produce the July 2010 notice from CSATF.

---

[2] The IAB assigned this complaint "IAB# 1007745." In conformity with Plaintiff's documentation, the log submitted by Chief Lozano shows that IAB# 1007745 was received by the IAB on October 18, 2010, and screened out on November 18, 2010. Lozano Decl., Ex. A.

5

The Court also notes that Plaintiff states that he filed the May 2, 2010, 602 while at Calipatria, and that on June 17, 2010, Calipatria told him to send the 602 directly to CSATF.  However, Plaintiff submits a "CDC 602- Route Slip Receipt" that undermines his assertion.  The receipt, allegedly signed by P. Alaniz at Calipatria, indicates that on May 5, 2010, the 602 was forwarded to *"CSATF-Appeals Office."*  One wonders why Plaintiff was allegedly told by Calipatria, on June 17, 2010, to send the appeal directly to CSATF when, according to Plaintiff's exhibits, the appeal was already there.

Given the evidence before the Court, including the Declarations of J. Lozano and J. D. Cota and Plaintiff's own exhibits, the Court finds that Plaintiff has failed to provide acceptable evidence that (1) he actually filed a grievance that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim; and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations.[3]  Sapp, 623 F.3d at 823-24.

## III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' Motion to Dismiss, filed February 19, 2013, should be granted; and

2. This action should be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

///
///
///
///

---

[3] The evidence also includes a February 28, 2011, letter from the CSATF Appeals Coordinator explaining to Plaintiff that his "appeal has been cancelled" because the time limits for submitting the appeal have been exceeded.  Feb. 28, 2011, Letter, attached to Opp.  As Defendants point out, however, there still exists no evidence that Plaintiff actually submitted a timely appeal and this letter, dated ten months after the incident, does not demonstrate otherwise.

1  Recommendations."  A party may respond to another party's objections by filing a response within
2  **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

6  IT IS SO ORDERED.

7  Dated:   **June 23, 2013**                           /s/ *Dennis L. Beck*
8                                                      UNITED STATES MAGISTRATE JUDGE