# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BEJARANO,<br><br>    Plaintiff,<br><br>    v.<br><br>ALLISON, et al.,<br><br>    Defendants. | Case No. 1:11-cv-00589 LJO DLB PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY<br><br>(Document 92) |

Plaintiff Bob Bejarano ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The Court vacated the judgment on August 28, 2015, pursuant to the Ninth Circuit Court of Appeals' decision.

The Court issued a Discovery and Scheduling Order on September 29, 2015.

On December 16, 2015, Defendants filed a motion for summary judgment based on exhaustion. Defendants also filed a motion to stay discovery pending resolution of the motion. The Court deems the matter suitable for decision without an opposition. Local Rule 230(l).

**DISCUSSION**

The Court is vested with broad discretion to manage discovery. Dichter–Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013); Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012). Pursuant to Rule 26(b)(2)(C)(iii), the Court may limit discovery otherwise permitted if it determines that the burden or expense of discovery outweighs its likely benefit. A stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency

for the courts and the litigants, <u>Little v. City of Seattle</u>, 863 F.2d 681, 685 (9th Cir.1988) (stay of discovery pending resolution of immunity issue).

Pursuant to the procedure set forth in <u>Albino v. Baca</u>, 747 F.3d 1162 (9th Cir. 2014), motions for summary judgment are now required for raising exhaustion issues.  This means that based on the Court's general practice, merits-based discovery will have opened prior to the time Defendants are required to file an exhaustion challenge.

Here, the pending motion for summary judgment is potentially dispositive of all claims in this case and could obviate the need for merits-based discovery.  Moreover, Defendants have not delayed in requesting a protective order.  In such cases, the Court finds good cause to grant a stay of discovery **only** as to merits-based discovery.  <u>Albino</u>, 747 F.3d at 1170 ("If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later-if it becomes necessary-discovery directed to the merits of the suit.").

Plaintiff will not be prejudiced as to the pending motion because, if he believes that discovery related to exhaustion is necessary, he may file a request pursuant to Rule 56(d).  Pursuant to the Discovery and Scheduling Order, any such request must be filed within thirty (30) days of the date of service of the motion for summary judgment.[1]

Accordingly, Defendants' motion is GRANTED and the Court STAYS merits-based discovery.  If any of Plaintiff's claims survive the exhaustion challenge, the Court will issue an amended scheduling order allowing additional time for discovery related to the remaining claims.

IT IS SO ORDERED.

Dated:   **December 17, 2015**            /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants contend that Plaintiff has all documents necessary to oppose the exhaustion challenge, but the Court will not make such a determination without Plaintiff's input.  If Plaintiff files a motion for discovery under 56(d), Defendants will have an opportunity to oppose it.