1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| 9    BOB BEJARANO, | Case No. 1:11-cv-00589 LJO DLB PC |
| 10            Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT |
| 11     v. | (Document 102) |
| 12    ALLISON, et al., | |
| 13            Defendants. | |

14

15    Plaintiff Bob Bejarano ("Plaintiff") is a California state prisoner proceeding pro se and in

16 forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

17 April 12, 2011, and it now proceeds on Plaintiff's February 8, 2012, Second Amended Complaint

18 against Defendants M. Bejarano and O. Best for retaliation in violation of the First Amendment.

19    Plaintiff filed the instant motion to amend on January 29, 2015.  Defendants opposed the

20 motion on February 16, 2016.  Plaintiff did not file a reply and the motion is therefore ready for

21 decision pursuant to Local Rule 230(l).

22 **A.**    **PROCEDURAL HISTORY**

23    On June 28, 2012, the Court determined that Plaintiff's February 8, 2012, Second Amended

24 Complaint stated a retaliation claim against Defendants Bejarano and Best.

25    On February 19, 2013, Defendants filed an unenumerated Rule 12(b) motion based on failure

26 to exhaust.  The Court granted the motion on August 20, 2013, and dismissed Plaintiff's claims

27 without prejudice.

28 ///

1

Plaintiff appealed the dismissal.  On August 3, 2015, the Ninth Circuit vacated and remanded this Court's dismissal because at the time this Court granted the motion to dismiss in 2013, it did not have the benefit of the Ninth Circuit's 2014 decision in <u>Albino v. Baca</u>.  The Ninth Circuit remanded the case so that the exhaustion question could be determined on summary judgment, as required by <u>Albino</u>.

Therefore, on August 28, 2015, the Court vacated the judgment and ordered Defendants to file a response.

Defendants filed their answer on September 28, 2015, and the Court issued a Discovery and Scheduling Order on September 29, 2015.

On December 16, 2015, Defendants filed a motion for summary judgment based on exhaustion.

The Court granted Defendants' motion to stay discovery on December 17, 2016, and stayed non-merits based discovery.

The Court has granted Plaintiff three extensions of time to oppose the motion.  His opposition is currently due on or about March 21, 2016.

On January 29, 2016, Plaintiff filed the instant motion to amend.

**B.**     **ALLEGATIONS IN SECOND AMENDED COMPLAINT**

Plaintiff is currently incarcerated at California State Prison- Sacramento.  The events at issue occurred while he was incarcerated at the California Substance Abuse Treatment Facility.

Plaintiff alleges that he was placed on contraband surveillance watch ("CSW") from February 17, 2010, through February 20, 2010.  Plaintiff told Defendants Best and Bejarano that he was "going to grievance them for harassing him" and placing him on CSW based on a mere suspicion.  ECF No. 27, at 5.  Plaintiff was released from the CSW with negative results.

Plaintiff filed his grievance on March 9, 2010.

Plaintiff alleges that Defendants retaliated against him by placing him on CSW for a second time from April 13, 2010, through April 16, 2010.  He was released with negative results.

///

///

2

C.   **LEGAL STANDARD**

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  AmerisourceBergen Corp., 465 F.3d at 951.  Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

D.   **DISCUSSION**

   1.   Proposed Amendments

Plaintiff did not submit a proposed Third Amended Complaint with his motion, though it appears that he seeks to add three new Defendants to his retaliation claim- Defendants W. Jones, F. Vasquez and B. Odle.  He alleges that Defendant Odle signed off on Plaintiff's February 17, 2010, CSW placement and "knowingly and intentionally placed Plaintiff without following proper procedures of CSW."  ECF No. 102, at 2.  Defendants Jones and Vasquez signed and approved Plaintiff's April 13, 2010, placement in CSW, "knowingly and intentionally for a retaliation and in violation of Plaintiff's constitutional rights…without following proper procedures on CSW."  ECF No. 102, at 2.

   2.   Analysis

Plaintiff first fails to explain why he could not have brought these claims sooner.  While he filed this motion within the time for amending set forth in the Scheduling and Discovery order, he provides no explanation why he waited almost five years after filing his original complaint to move to amend.[1]  Without *any* explanation, Plaintiff cannot avoid a finding of undue delay.

Second, allowing an amendment at this late date would be severely prejudicial to Defendants.  This case has been pending since April 2011, and it is now proceeding on Plaintiff's February 8, 2012, Second Amended Complaint.  Based on the allegations in that complaint, Defendants Best and

[1] The Discovery and Scheduling Order set January 27, 2016, as the deadline to amend.  Plaintiff signed and mailed this motion on January 26, 2016.

3

Bejarano were successful on an exhaustion challenge, though the action was ultimately remanded back to this Court for procedural reasons.  That remand led to further time spent in converting the exhaustion challenge into a motion for summary judgment, which Defendants filed on December 16, 2015.  The motion is pending, and Plaintiff has not yet filed an opposition.  Perhaps hoping to continue this action after the disposition of the motion, Plaintiff now asks to add new Defendants.  However, allowing new claims against new Defendants years later, and after a remand to consider the exhaustion issue on a motion for summary judgment, would be prejudicial to Defendants given the time and effort spent defending this action.  AmerisourceBergen Corp., 465 F.3d at 951-54 (prejudice existed where potentially high, additional litigation costs would result from delayed amendment).

Third, Plaintiff's amendments appear futile.  Setting aside the fact that Defendant Vasquez was already dismissed from this action on screening, Plaintiff's allegations do not support a retaliation claim.  Defendants may have been involved in approving his CSW, but Plaintiff does not connect their action to any protected conduct.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  Whether they followed procedures or not does not, alone, suggest that they acted in a retaliatory manner.

For these reasons, Plaintiff's motion to amend is DENIED.

IT IS SO ORDERED.

Dated:   **March 11, 2016**                         /s/ Dennis L. Beck
                                                          UNITED STATES MAGISTRATE JUDGE

4