# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BEJARANO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALLISON, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-00589 LJO DLB PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(Document 111) |

Plaintiff Bob Bejarano ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 12, 2011, and it now proceeds on Plaintiff's February 8, 2012, Second Amended Complaint against Defendants M. Bejarano and O. Best for retaliation in violation of the First Amendment.

The Court issued a Discovery and Scheduling Order on September 29, 2015. The dispositive motion deadline is April 26, 2016.

Defendants' December 16, 2015, motion for summary judgment based on exhaustion is pending. Since the filing of the motion, the Court has ruled on Plaintiff's various motions and allowed Plaintiff a final extension of time to file an opposition. His opposition is due on or before May 9, 2016.

On December 17, 2015, the Court granted Defendants' motion to stay merits-based discovery pending the outcome of the exhaustion challenge.

On March 29, 2016, Defendants filed a motion to modify the Discovery and Scheduling Order. The Court deems the matter suitable for decision without an opposition.

1

**DISCUSSION**

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking the modification." *Johnson*, 975 F.2d at 609. "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609).

Here, Defendants seek an extension of the dispositive motion deadline because, given the additional time afforded to Plaintiff, his date for opposing the motion for summary judgment is now *after* the dispositive motion deadline.

For good cause, Defendants' motion is GRANTED. The Court will reschedule merits-based discovery and the dispositive motion deadline if Plaintiff's claims survive the exhaustion challenge.

IT IS SO ORDERED.

Dated:   **April 4, 2016**              /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE