# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BEJARANO,<br><br>   Plaintiff,<br><br>   v.<br><br>ALLISON, et al.,<br><br>   Defendants. | Case No. 1:11-cv-00589 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Document 91) |

Plaintiff Bob Bejarano ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 12, 2011, and it now proceeds on Plaintiff's February 8, 2012, Second Amended Complaint against Defendants M. Bejarano and O. Best for retaliation in violation of the First Amendment.

Defendants filed the instant motion for summary judgment for failure to exhaust on December 15, 2016.[1] Plaintiff opposed the motion on April 11, 2016, and Defendants filed their reply on April 18, 2016. The motion is therefore ready for decision pursuant to Local Rule 230(l).

**A.   PROCEDURAL HISTORY**

On June 28, 2012, the Court determined that Plaintiff's February 8, 2012, Second Amended Complaint stated a retaliation claim against Defendants Bejarano and Best.

///

///

---

[1] Plaintiff was provided with contemporaneous notice of the requirements for opposing a summary judgment motion for failure to exhaust administrative remedies. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998).

On February 19, 2013, Defendants filed an unenumerated Rule 12(b) motion based on failure to exhaust. The Court granted the motion on August 20, 2013, and dismissed Plaintiff's claims without prejudice.

Plaintiff appealed the dismissal. On August 3, 2015, the Ninth Circuit vacated the dismissal and remanded the action because at the time the Court granted the motion to dismiss in 2013, it did not have the benefit of the Ninth Circuit's 2014 decision in *Albino v. Baca*. The Ninth Circuit remanded the case so that the exhaustion question could be determined on summary judgment, as required by *Albino*.

Therefore, on August 28, 2015, the Court vacated the judgment and ordered Defendants to file a response.

Defendants filed their answer on September 28, 2015, and the Court issued a Discovery and Scheduling Order on September 29, 2015.

On December 17, 2015, after Defendants filed this motion, the Court granted their request to stay non-merits based discovery.

**B.      ALLEGATIONS IN SECOND AMENDED COMPLAINT**

Plaintiff is currently incarcerated at California State Prison- Sacramento. The events at issue occurred while he was incarcerated at the California Substance Abuse Treatment Facility ("CSATF").

Plaintiff alleges that he was placed on contraband surveillance watch ("CSW") from February 17, 2010, through February 20, 2010. Plaintiff told Defendants Best and Bejarano that he was "going to grievance them for harassing him" and placing him on CSW based on a mere suspicion. ECF No. 27, at 5. Plaintiff was released from the CSW with negative results.

Plaintiff filed his grievance on March 9, 2010.

Plaintiff alleges that Defendants retaliated against him by placing him on CSW for a second time from April 13, 2010, through April 16, 2010. He was released with negative results.

**C.      LEGAL STANDARD**

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The failure to exhaust is subject to a motion for summary judgment in which the court may look beyond the pleadings. *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. *Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Defendants bear the burden of proof in moving for summary judgment for failure to exhaust, *Albino*, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172. If Defendants carry this burden, the burden of production shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)). "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Albino*, 747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.*

**D.    UNDISPUTED MATERIAL FACTS**

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). ECF No. 27, at 1.

At all times relevant, Plaintiff was incarcerated at CSATF. Defendants Best and Bejarano were correctional sergeants. ECF No. 27, at 4.

1    Plaintiff was transferred from CSATF to Calipatria State Prison ("CSP") on April 20, 2010.
2 Kramer Decl., Ex. A.

3    In 2010, when an inmate submits an appeal related to an issue that arose out of a different
4 institution, the appeal is logged onto the "Inmate/Parolee Appeals Tracking System- I & II"
5 ("IATS"), but it is not given an appeal log number at CSP.[2]  Nava Decl. ¶ 3.  The appeal was then
6 forwarded to the institution where the alleged incident occurred for processing.  In 2010, the Appeals
7 Coordinator did not retain copies of these types of grievances.  Nava Decl. ¶ 3.

8    Appeals that are screened out are reflected in the IATS as a single line entry, without
9 information relating to any level of review.  Zamora Decl. ¶ 3.

10    While at CSP, Plaintiff submitted two appeals related to issues that originated from CSATF.
11 Zamora Decl. ¶ 6, Ex. B.  One appeal was characterized as a "legal" issue, and the other was
12 characterized as a staff complaint.  These appeals are indicated on the IATS, but do not have appeal
13 log numbers.  Nava Decl. ¶ 7, Ex. A.

14    Upon receipt of these two appeals, the Appeals Coordinator at CSP logged them and sent
15 them to the Appeals Coordinator at CSATF for processing.  Zamora Decl. ¶ 6, Ex. B; Nava Decl. ¶
16 7.  Copies of these appeals were not retained at CSP.  Nava Decl ¶ 7.

17    These appeals were also logged at CSATF.  Zamora Decl. ¶ 6, Ex. B.  The "legal" grievance
18 was screened out on May 18, 2010, and the staff complaint was screened out on June 17, 2010.
19 Zamora Decl. ¶ 6, Ex. B.  CSATF did not retain copies of screened out appeals and related letters at
20 that time.  Zamora Decl. ¶ 3.

21    Plaintiff did not exhaust an appeal relating to the events at issue to the Third Level.[3]  In his
22 Second Amended Complaint, Plaintiff stated that the exhaustion process was not complete, and that
23 he "kept trying to receive a First Level response from CSATF/Corcoran State Prison but got denied
24 erroneously as untimely."  ECF No. 27, at 3.

25 ///

---

[2] Plaintiff objects to numerous facts because he is unable to investigate the issue and/or is unaware of how appeals are processed.  Plaintiff's lack of knowledge does not render a fact undisputed.

[3] Plaintiff attempts to dispute this by contending that he did not complete the process because officials "stymied" the process.  His proffered reasoning does not, however, dispute the fact that he did not complete the exhaustion in the first instance.

4

**E.      DISCUSSION**

       1.      Appeals Process

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. Prior to January 28, 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, *id*., § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed. *Id*., § 3084.6(c). Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level. *Id*., § 3084.5.

       2.      Analysis

It is undisputed that although Plaintiff filed a staff complaint related to his allegations after he transferred to CSP, the appeal was screened out at the First Level on June 17, 2010. It is also undisputed that Plaintiff did not receive a Third Level response for any appeal relating to his retaliation claim against Defendants. Defendants have therefore carried their burden of proving that Plaintiff did not exhaust his available remedies.

The burden now shifts to Plaintiff to show "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. In this regard, Plaintiff points to copies of his letters to the Warden, the Appeals Coordinator and the Chief of Inmate Appeals inquiring about his appeal. He contends that these letters show that he was trying to exhaust his appeal, but was "illegally barred" from using the appeal system when his appeal was improperly rejected. ECF No. 113, at 36. Plaintiff states that he attempted to explain why the rejection for untimeliness was improper, but officials would not let him finish the appeal process. According to Plaintiff, he "tried so many times to get correction officials to allow [him] to utilize their appeal system for proper exhaust[ion] but they refused, stymied the process." ECF No. 113, at 37.

Plaintiff states that he filed an appeal grieving Defendants' retaliatory actions on May 2, 2010. Pl.'s Decl. ¶ 4 (ECF No. 113, at 3-4). He believes that this appeal was lost, and he

resubmitted the appeal on May 5, 2010. ECF No. 113, at 5-8. On June 17, 2010, the appeal was screened out at CSP, and Plaintiff was instructed to send the appeal directly to CSATF.[4] ECF No. 113, at 24.

On July 6, 2010, Plaintiff contends that CSATF Appeals Coordinator A. Hall denied the appeal because it was untimely.[5] Plaintiff believes that this was an improper screen out, Pl.'s Decl. ¶ 5, and on July 13, 2010, he sent a letter to the Appeals Coordinator explaining why his appeal was timely. Pl.'s Decl. ¶ 6; ECF No. 113, at 10. He also sent a letter to the Warden on August 18, 2010. Pl.'s Decl. ¶ 8; ECF No. 113, at 19.

Plaintiff also references a September 27, 2010, "screening notification." ECF No. 113, at 23.[6]

At this point, Plaintiff began sending letters to D. Foston, the Chief of Inmate Appeals, indicating that he had not received a First Level response. ECF No. 113, at 20. On November 18, 2010, Mr. Foston wrote Plaintiff a letter explaining that Plaintiff needed to comply with the Appeal Coordinator's instructions. ECF No. 113, at 28.

On December 15, 2010, he wrote a letter to the Appeals Coordinator explaining why he believed that his appeal was timely. ECF No. 113, at 22. He wrote another letter to the Warden on February 15, 2011, stating that he had not received a response from the Appeals Coordinator. ECF No. 113, at 23.

Plaintiff states that he resubmitted the appeal on February 16, 2011. ECF No. 15-18, 25.

On February 28, 2011, he received a First Level screening notification cancelling the appeal for untimeliness. ECF No. 113, at 9.

In March, April and May 2011, Plaintiff wrote additional letters to Mr. Foston complaining that he had not received a First Level response. ECF No. 113, at 24-27.

///

///

---

[4] CSATF did not keep copies of screened out appeals, and Plaintiff has not provided the Court with a copy of this document.

[5] CSATF did not keep copies of screened out appeals, and Plaintiff has not provided the Court with a copy of this document.

[6] Plaintiff does not provide a copy of this document.

6

1   On May 5, 2011, Mr. Foston wrote a lengthy response to Plaintiff's March 2011, letter,
2 concluding that Plaintiff had not submitted evidence to show that his appeal was rejected/cancelled
3 in error.  ECF No. 113, at 29.

4   Defendants argue that Plaintiff has failed to produce any evidence that (1) he actually
5 submitted a grievance to CSATF, or (2) that even if he had submitted the appeal, that it was
6 improperly screened out.

7   Viewing the evidence in the light most favorable to Plaintiff, as this Court must, CSATF
8 received the appeal at some point[7] and cancelled it as untimely on July 6, 2010.  However, there is
9 no indication that Plaintiff filed a separate appeal on the cancellation.  Instead, Plaintiff wrote letters
10 and resubmitted duplicates of the appeal.  He sent a letter to the Appeals Coordinator on July 13,
11 2010, referencing the CDC 695 (an Inmate/Parolee Appeals Screening form), and argued that his
12 appeal was in fact timely.  He then states that he wants a reply to his appeal, or he will "continue
13 [his] staff complaint in court."  ECF No. 113, at 10.  This wasn't the proper method for appealing the
14 cancellation.  The form Plaintiff references, a CDC 695, instructed Plaintiff that a "separate appeal
15 can be filed on the cancellation decision."  At no time did Plaintiff file a separate appeal on the
16 cancellation.

17   By failing to follow the proper procedure for appealing a cancellation, his inability to exhaust
18 is attributable to his actions, and not to any fault of prison officials.  Accordingly, Plaintiff has not
19 met his burden to show that there was something in his particular case that made the available
20 administrative remedies effectively unavailable to him.  *See Albino*, 747 F.3d at 1172.

21   The PLRA requires proper exhaustion of administrative remedies.  *Woodford v. Ngo*, 548
22 U.S. 81, 83 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other
23 critical procedural rules because no adjudicative system can function effectively without imposing
24 some orderly structure on the course of its proceedings."  *Id*. at 90-91.  Thus, compliance with prison
25 grievance procedures is required by the PLRA to properly exhaust.  *Id*.  The undisputed facts show
26 ///

27

28 [7] The evidence before the Court is somewhat contradictory.  Defendants provided evidence indicating that the appeal was forwarded to CSATF, yet Plaintiff later received instructions to forward the appeal to CSATF.  Plaintiff states that he received a screen out on July 6, 2010, but it is unclear how or when the appeal arrived at CSATF.

7

that Plaintiff failed to comply with these requirements, and he has not presented evidence that precludes summary judgment.

## F.     FINDINGS AND RECOMMENDATIONS

For the reasons set forth above, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE for failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections must be filed within fourteen (14) days from the date of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 27, 2016**                    **/s/ Sandra M. Snyder**
                                                                   UNITED STATES MAGISTRATE JUDGE