UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BEJARANO,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BEST, et al.,<br><br>　　　　　　　Defendants. | No. 1:11-cv-00589 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Document 123) |

　　　　Plaintiff Bob Bejarano ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 12, 2011.

　　　　On April 28, 2016, the Court issued Findings and Recommendations regarding Defendants' motion to dismiss. Pursuant to the most recent extension of time, Plaintiff's objections are due on or about July 17, 2016.

　　　　On May 16, 2016, Plaintiff filed a notice in which he questioned why a magistrate judge other than the one assigned to this action signed the Findings and Recommendations. The Court denied the motion on May 18, 2016.

　　　　On June 17, 2016, Plaintiff filed a motion to reconsider the ruling.

///

///

1

**DISCUSSION**

Reconsideration motions are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

In denying Plaintiff's motion, the Magistrate Judge explained that while specific judges are assigned to an action as a matter of Court administration, the District Court judges' referral power is general. 28 U.S.C. § 636. Therefore, even though one magistrate judge may be assigned to an action, another magistrate judge may act on an order within the action.

He now argues that Judge Snyder gave her opinions, "had the hearing," and ruled on the Findings and Recommendations without the parties consent. ECF No. 123, at 2. However, the Magistrate Judge correctly explained that other magistrate judges may act within action, which includes ruling on matters. Contrary to Plaintiff's belief, the consent of the parties is not required where another magistrate rules on an issue.

Plaintiff's motion for reconsideration is DENIED.
IT IS SO ORDERED.

Dated:   **June 29, 2016**             /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE